# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x          Index No.

BKNS MANAGEMENT LLC,

                             Plaintiff,          **NOTICE OF MOTION**
                                                                              **FOR SUMMARY**
                                                                              **JUDGMENT IN LIEU**
      - against -                                                    **OF COMPLAINT**

FRYSTA MANAGEMENT LLC,

                           Defendant.

-------------------------------------------------------------------x

PLEASE TAKE NOTICE that upon the summons dated April 8, 2024, the annexed

affirmation of Brian Khunovitch, affirmed to April 8, 2024, and the exhibits attached to that

affirmation, and upon the accompanying memorandum of law, plaintiff will move this Court, at

the Courthouse located at 60 Centre Street, New York, New York, on May 21, 2024, at 9.30 a.m.

or as soon thereafter as counsel may be heard, for an Order:

      A.      Pursuant to CPLR 3213, awarding plaintiff judgment against defendant in the

amount of $2,121,388.89, consisting of (i) unpaid principal due under a Promissory Note (the

"Note") in the amount of $2,000,000, and (ii) the balance of $121,388.89 owed for late fees as

provided by the Note;

      B.      Ordering that additional accrued interest be awarded to plaintiff against defendant

on the principal balance of $2,000,000 under the Note at the rate of 25% per annum, from March

28, 2024 until the date of entry of the judgment; and

      C.      Granting plaintiff such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR § 3213, answering papers, if any, and any cross-motion, are required to be served on the undersigned no later than ten days before the return date of the motion.

Dated: New York, New York
　　　　April 8, 2024

STAHL & ZELMANOVITZ
*Attorneys for Plaintiff*

By: ___/s/ Joseph Zelmanovitz___
　　　Joseph Zelmanovitz
747 Third Avenue, Suite 33B
New York, New York 10017
(212) 826-6422

TO:　Frysta Management LLC
　　　c/o Noah Lasko
　　　4150 N. 42nd Avenue
　　　Hollywood, Florida 33021

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x

BKNS MANAGEMENT LLC,

                                    Plaintiff,

                    - against -

FRYSTA MANAGEMENT LLC,

                                    Defendant.
----------------------------------------------------------------x

Index No.

**AFFIRMATION OF BRIAN
KHUNOVITCH IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
IN LIEU OF COMPLAINT**

STATE OF NEW YORK    )
                                    : ss.:
COUNTY OF NASSAU    )

BRIAN KHUNOVITCH, whose religious beliefs preclude him from swearing an oath,

solemnly affirms under the penalty of perjury, as follows:

1.      I am the managing member of plaintiff BKNS Management LLC ("BKNS"), a

New York limited liability company. I respectfully submit this affirmation in support of BKNS's

motion, pursuant to CPLR § 3213, for summary judgment in lieu of complaint, and awarding

BKNS judgment against defendant Frysta Management LLC ("Frysta") in the amount of

$2,121,388.89, consisting of (i) unpaid principal due under a Promissory Note (the "Note") in the

amount of $2,000,000, and (ii) the balance of $121,388.89 owed for late fees as provided by the

Note. In addition, the Court should award BKNS interest on the unpaid principal due under the

Note, i.e., $2,000,000, at the rate of 25% per annum as specified in the Note, from March 28,

2024 until the date of entry of the judgment.

2.      I have personal knowledge of the facts set forth below.

3.      This motion is based solely on an instrument for the payment of money only: a

Promissory Note dated April 19, 2023 (the "Note"), executed by defendant Frysta by its member

Noah Lasko, in the principal amount of $2,000,000 (the "Loan"). A true copy of the Note is attached to this affirmation as Exhibit A.

**The Note**

4.       Pursuant to Paragraph 1(a) of the Note, the total principal amount was to be repaid at the latest by October 18, 2023. Paragraph 1(b) of the Note provides that the principal amount bears interest at the rate of 25% per annum. Paragraph 4 of the Note provides that the Note must be repaid even earlier than October 18, 2023–within 90 days of the date of the Note–if Frysta does not secure an additional $8 million loan from a separate lender. Frysta did not secure this additional loan. For purposes of this motion, however, it makes no difference whether Frysta defaulted on its obligations under the Note as of October 18, 2023, or earlier; Frysta has been in default now for over five months at the very least.

5.       Pursuant to paragraph 1( c) of the Note, BKNS is entitled to collect an additional $125,000 if an overdue amount remains unpaid for at least 30 days, which is the case here.

6.       Pursuant to paragraph 1(e) of the Note, payments by Frysta are first applied to the payment of accrued interest that is owed.

7.       Paragraph 2(a) of the Note provides that the failure to make any required payment of principal or interest under the Note constitutes an event of default under the Note.

8.       Paragraph 2 (b) of the Note provides that upon written notice to the Borrower (i.e., Frysta), all unpaid principal and interest on the Note may be declared immediately due and payable and BKNS may proceed to enforce payment of the principal and interest owed. Attached hereto as Exhibit B is a copy of the letter dated March 27, 2024, providing written notice to Frysta that BKNS was declaring all amounts due under the Note immediately due and payable.

2

9.    Pursuant to paragraph 8 of the Note, the Note is governed by New York law, and "the Parties agree[d] that any dispute related to this Note shall be heard in the courts of New York County, New York."

**Defendants' Default, and Amount Owing**

10.    On April 26, 2023, in connection with the Loan and Note, I caused $2,000,000 to be wired to an affiliate of Frysta. A copy of the wire request is attached to this affirmation as Exhibit C.

11.    Frysta is in default under the Note. The principal amount of $2,000,000, due and owing under the Note, was not repaid by October 18, 2023 or to date. In addition, as shown on the schedule described below, the balance of the late fee due under the Note as of March 27, 2024, in the amount of $121,388.89, has not been paid to date.

12.    Attached to this affirmation as Exhibit D is a schedule showing the payments made by Frysta under the Note, which, as set forth in paragraph 1(e) of the Note, is credited first towards the payment of accrued interest. This schedule is generated, and the information on the schedule is derived, from the records of payments received from Frysta in connection with the Loan, all of which have been recorded contemporaneously by BKNS in the regular course of its business. As shown on this schedule, Frysta made payments totaling $480,000 from December 15, 2023 through March 22, 2024.

13.    Total accrued interest under the Note from the date of the Note through March 27, 2024, at the rate of 25% per annum, is $476,488.89. Frysta made payments under the Note totaling $480,000. Of this amount, $476,488.89 was applied to the accrued interest that was owed as of March 27, 2024, and $3,611.11 was applied to the late fee that was owed, leaving a

3

balance of $121,388.89 owed for late fees.

14.     Frysta has not paid the principal and balance of the late fee due under the Note either at the maturity date of October 18, 2023, or to date, and is in default under the Note.

15.     Therefore, as of March 27, 2024, Frysta is liable to pay BKNS the sum of $2,121,388.89, consisting of (i) unpaid principal in the amount of $2,000,000, and (ii) $121,388.89 owed for the late fee. In addition, the Court should award BKNS interest on the unpaid principal of $2,000,000 at the rate of 25% per annum as provided in the Note, for the period commencing March 28, 2024 until judgment is entered.

16.     I respectfully submit that there is no defense to this action and that BKNS is entitled to summary judgment as a matter of law.

WHEREFORE, plaintiff BKNS Management :LLC respectfully requests that the Court enter an order granting it summary judgment as against defendant Frysta Management LLC, as follows:

A.     Awarding BKNS the sum of $2,121,388.89, consisting of (i) unpaid principal in the amount of $2,000,000, and (ii) the balance of the late fee owed in the amount of $121,388.89;

B.     Awarding BKNS interest on the unpaid principal amount of $2,000,000, at the rate of 25% per annum as provided in the Note, for the period commencing March 28, 2024 until judgment is entered; and

4

C.    Granting BKNS such other and further relief as the Court deems just and proper.


Brian Khunovitch

Affirmed to before me this
____ day of April, 2024.

Notary Public

YECHESKEL MENASHE
Notary Public - State of New York
No. 02ME6244133
Qualified In Rockland County
My Comm. Expires June 27, 2027

5

## CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing Affirmation complies with the word count limitation

set forth in Rule 17 of the Rules of the Commercial Division of this Court, as it contains 1,130

words, including signature block and captions.  The document has been prepared using

WordPerfect format.


Dated:  New York, New York
        April 8, 2024

                            STAHL & ZELMANOVITZ
                            *Attorneys for Plaintiff*


                            By:_____
                               Joseph Zelmanovitz
                            747 Third Avenue, Suite 33B
                            New York, New York 10017
                            (212) 826-6422
                            jzelmanovitz@szlawllp.com

# EXHIBIT A

## PROMISSORY NOTE

$2,000,000.00

April 19, 2023

FOR VALUE RECEIVED, the undersigned, **FRYSTA MANAGEMENT, LLC**. (together with its successors and assigns, the "Borrower"), hereby promises to pay to the order of **BKNS MANAGEMENT, LLC** (together with its successors and assigns, the "Lender"), at such place as the Lender may designate in writing to the Borrower, the aggregate principal sum of two million dollars ($2,000,000.00), with interest, upon the terms and subject to the conditions of this unsecured promissory note (the "Note") as set forth below. The Lender and Borrower collectively shall be referred to as the "Parties."

1. **PAYMENT AND PREPAYMENT**.

(a) REPAYMENT OF PRINCIPAL. The Borrower shall repay the principal amount of this Note in one lump sum on the earlier of (i) six (6) months from the execution of this Note (i.e., October 18, 2023) (the "Maturity Date"); or (ii) an Event of Default (as defined hereinafter). The obligations of Borrower under this Note shall be secured by Lasko Getaways, LLC's (or any affiliate or subsidiary) Passover program operations, such that, in addition to any other remedies provided to Lender hereunder, if the Borrower defaults under this Note and such default continues for a period of at least thirty (30) days, Lender shall be entitled to utilize or otherwise sell 135 rooms at the 2024 Passover program or thereafter if no program takes place.

(b) PAYMENT OF INTEREST. The unpaid principal amount of this Note shall accrue interest (computed on the basis of a 365-day year) as of the date of this Note of twenty-five percent (25%). Borrower shall repay the total interest owed on the Maturity Date.

(c) ADDITIONAL INTEREST. If payment of any amount due under this Note shall be overdue, (i) such overdue amount shall continue to bear interest from and after the Maturity Date, to and including the date when paid in full; and (ii) Lender shall be entitled to collect an additional $125,000 if the overdue amount remains unpaid for at least thirty (30) days from when due.

(d) PREPAYMENT. Any amounts due under this Note may be prepaid in full. If Borrower prepays the full principal amount owed, Borrower shall also pay interest owed, calculated up to and including the date of prepayment.

(e) MANNER OF PAYMENT AND PREPAYMENT. Payments and prepayments under this Note shall be applied first to interest accrued but unpaid and then to principal. If the due date of any required payment under this Note is not a "business day" (for this purpose, any day other than a Saturday, Sunday or legal holiday), such required payment shall be due and payable on the immediately succeeding business day.

2. **EVENTS OF DEFAULT**. The occurrence and continuation of any one or more of the following events shall constitute an event of default under this Note ("Event of Default"):

(a) PAYMENT DEFAULT. The Borrower shall fail to make any required payment of principal of or interest on this Note.

1

(b) BANKRUPTCY DEFAULT. The Borrower shall (i) commence any case, proceeding or other action relating to seeking to have an order for relief entered with respect to it or its debts, or seeking reorganization, liquidation, dissolution, or other such relief with respect to it or its debts, or seeking appointment of a receiver or other similar official (each of the foregoing, a "Bankruptcy Action"); (ii) become the debtor named in any Bankruptcy Action which results in the entry of an order for relief or any such adjudication or appointment described in the immediately preceding clause (i); or (iii) make a general assignment for the benefit of its creditors.

In each and every Event of Default under clause (a) or (b) of this Section 2, the Lender may, without limiting any other rights it may have at law or in equity, by written notice to the Borrower, declare the unpaid principal of and interest on this Note due and payable, whereupon the same shall be immediately due and payable, without presentment, demand, protest or other notice of any kind, all of which the Borrower hereby expressly waives, and the Lender may proceed to enforce payment of such principal and interest or any part thereof in such manner as it may elect in its discretion. In each and every Event of Default, the unpaid principal of and interest on this Note shall be immediately due and payable without presentment, demand, protest or notice of any kind, all of which the Borrower hereby expressly waives, and the Lender may proceed to enforce payment of such principal and interest or any part thereof in such manner as it may elect in its discretion.

3. **ACCESS TO FUNDS**. Upon execution of this Note, Borrower shall not access any portion of the $2,000,000 distributed to the escrow account without Lender's prior written consent. Failure to adhere to this provision will result in an Event of Default, defined in Section 2 above.

4. **NOTE CONTINGENT UPON ADDITIONAL LOAN.** Notwithstanding the foregoing, or anything contained herein, both Parties understand and mutually agree that Lender is loaning Borrower $2,000,000 at 25% interest, to enable Borrower to secure eight million dollars ($8,000,000) from a separate lender, under a separate loan agreement. If Borrower does not secure the eight million dollars ($8,000,000) loan from the separate lender, Borrower shall pay to Lender, under the terms of this Note, the principal amount of two million dollars ($2,000,000) plus the full 25% interest within ninety (90) days of the entering into of this Note.

5. **NOTICES**. All notices, requests, demands, or communications required or permitted under this Note shall be given by email to the Parties.

6. **WAIVERS; RIGHTS AND REMEDIES**.

(a) WAIVERS. No delay on the part of the Lender in exercising any right, power or privilege under this Note shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude the simultaneous or later exercise of any other right, power or privilege hereunder. The Borrower hereby waives to the extent not prohibited by applicable law any requirement of diligence or promptness on the part of the Lender to enforce its rights under this Note.

(b) RIGHTS AND REMEDIES. The rights and remedies herein expressly provided are cumulative and not exclusive of any rights or remedies which the Lender may otherwise have.

7. **AMENDMENT**. No amendment or other modification of this Note may be made without the written consent of both Parties.

2

8. **GOVERNING LAW**. This Note shall be governed by and construed in accordance with the laws of New York, and the Parties agree that any dispute related to this Note shall be heard in the courts of New York County, New York.

**BORROWER:**

FRYSTA MANAGEMENT, LLC

*Noah Lasko*
_____
Name: Noah Lasko
Title: Member

**AGREED TO AND ACCEPTED BY**:

LASKO GETAWAYS, LLC

*Avi Lasko*
_____
Name: Avi Lasko
Title: Member

**LENDER:**

BKNS MANAGEMENT, LLC

*n l*
_____
Name: Brian Khunovitch
Title: Member

3

**EXHIBIT B**

# STAHL & ZELMANOVITZ

March 27, 2024

By Email: laskonoah@gmail.com
Frysta Management LLC
4150 N. 42nd Avenue
Hollywood, Florida 33021
Attn: Mr. Noah Lasko

      Re:   **NOTICE OF DEFAULT**
               **Promissory Note Made April 19, 2023 by**
               **Frysta Management LLC to the Order of**
               **BKNS Management LLC**

Dear Mr. Lasko:

      We represent BKNS Management LLC ("BKNS") and are authorized on its behalf to issue this Notice of Default to Frysta Management LLC ("Frysta").

      Pursuant to paragraph 2 of the above-referenced Promissory Note, notice is hereby given to Frysta of its default under the Promissory Note by reason of its failure to pay the principal and other charges due under the Promissory Note, which as of March 27, 2024, total $2,121,388.89. Please be advised that pursuant to said paragraph 2 of the Promissory Note, BKNS as "Lender" under the Promissory Note declares the unpaid principal and the unpaid balance of late fees under the Promissory Note immediately due and payable.

      Please be further advised that by reason of Frysta's default under the Promissory Note, BKNS may proceed to enforce payment of the amount due under the Promissory Note in such manner as it may elect in its discretion.

               Very truly yours,

               Stahl & Zelmanovitz

               By:_____

                   Joseph Zelmanovitz
                   A Member of the Firm

cc:    Mr. Brian Khunovitch
       Alan B. Hertz, Esq.

747 THIRD AVENUE          FAX: (212) 826-6402
NEW YORK, NY 10017      PHONE: (212) 826-6422
JZELMANOVITZ@SZLAWLLP.COM

EXHIBIT C

## Wire Transfer Outgoing Request

 CHASE

### Wire Transfer Sender Information

| | | | | |
|---|---|---|---|---|
| Sender Name:<br>BRIAN KHUNOVICH | | | | |
| Account Name:<br>BKNS MANAGEMENT LLC | | Street Address:<br>400 RELLA BLVD STE 116 | | |

| City:<br>SUFFERN | State:<br>NY | Zip:<br>10901-4256 | Country:<br>USA | | Daytime Phone:<br>917-376-3700 |
|---|---|---|---|---|---|
| Primary ID Type:<br>Driver's License | ID Issuer:<br>NY | ID Number: ▮ | | ID Issue Date:<br>12/13/2021 | ID Exp:<br>03/17/2029 |
| Secondary ID Type:<br>Chase or Bank Issued Credit/Debit Card | ID Issuer:<br>Chase Bank | ID Number: ▮ | | ID Issue Date: | ID Exp:<br>12/31/2027 |

Comments:

### Wire Transfer Information

| Request Date:<br>04/26/2023 | Request time:<br>09:28:58AM Eastern time | Effective date:<br>04/26/2023 | Wire Type:<br>Domestic |
|---|---|---|---|
| Debit Account #: ▮ | Debit Account Type:<br>PLAT BUS CHECKING | Wire Amount (US dollars):<br>$2,000,000.00 | |
| Qualifying Account #: | Qualifying Account Type: | Source of funds:<br>Checking | Wire Fee:<br>Refer to Account Agreement for Pricing |
| Currency type to be sent:<br>US Dollars | Exchange rate:<br>N/A | Foreign currency amount:<br>N/A | Amount to Collect (USD):<br>$2,000,000.00 |

FX Contract Number:

### Recipient Account Information

| | | | | | |
|---|---|---|---|---|---|
| Account Name:<br>Kosher Eats LLC | | | | | |
| Street Address: | | Account Number: ▮ | | | |
| | | City: | State: | Zip: | Country: |

Text to Recipient:

### Receiving Bank Information

| | | | | |
|---|---|---|---|---|
| Bank Name:<br>Bank of America National Association | | | | |
| Street Address:<br>100 W 33rd St, 4th Fl | | Bank ABA/SWIFT Code: ▮ | | |
| | | City:<br>New York | State:<br>NY | Zip:<br>10001 | Country:<br>USA |

Intermediary Bank Name:

| Street Address: | Intermediary Bank ABA: | | | |
|---|---|---|---|---|
| | City: | State: | Zip: | Country: |

Text to Receiving Bank:

# EXHIBIT D

FILED: NEW YORK COUNTY CLERK 04/08/2024 02:29 PM

NYSCEF DOC. NO. 7

INDEX NO. 651812/2024

RECEIVED NYSCEF: 04/08/2024

| | Principal | Payments | Interest through 3 27 24 | Fees Owed | Total Balance Owed |
|---|---|---|---|---|---|
| Frysta Mgmt Loan | $ 2,000,000.00 | $ 480,000.00 | $ 476,488.89 | $ 125,000.00 | $ 2,121,388.89 |

| Payments | | |
|---|---|---|
| 12/15/2023 | $ | 250,000.00 |
| 12/21/2023 | $ | 100,000.00 |
| 12/28/2023 | $ | 10,000.00 |
| 1/4/2024 | $ | 10,000.00 |
| 1/12/2024 | $ | 10,000.00 |
| 1/18/2024 | $ | 10,000.00 |
| 1/25/2024 | $ | 10,000.00 |
| 2/1/2024 | $ | 10,000.00 |
| 2/9/2024 | $ | 10,000.00 |
| 2/15/2024 | $ | 10,000.00 |
| 2/22/2024 | $ | 10,000.00 |
| 3/1/2024 | $ | 10,000.00 |
| 3/8/2024 | $ | 10,000.00 |
| 3/15/2024 | $ | 10,000.00 |
| 3/22/2024 | $ | 10,000.00 |
| Total | $ | 480,000.00 |

Total Owed    $ 2,121,388.89

Case 1:24-cv-03631-JPC    Document 1-1    Filed 05/10/24    Page 20 of 29

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

BKNS MANAGEMENT LLC,

                                        Plaintiff,

            - against -

FRYSTA MANAGEMENT LLC,

                                        Defendant.

-----------------------------------------------------------------x

Index No.

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR
## SUMMARY JUDGMENT IN LIEU OF COMPLAINT

**STAHL & ZELMANOVITZ**
*Attorneys for Plaintiff*
747 Third Avenue, Suite 33B
New York, New York 10017
(212) 826-6422
jzelmanovitz@szlawllp.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        The Loan and Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        Defendant's Default, and Amount Owing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.      PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT
           UNDER THE PROMISSORY NOTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page**

*Goldberger v. Magid*, 133 A.D.3d 546 (1st Dep't 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*He v. Chang*, 83 A.D.3d 788 (2d Dep't 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Interman Industrial Products, Ltd. v. R.S.M. Electron Power, Inc.*,
37 N.Y.2d 151(1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ocean View Realty Co. v. Ziss*, 90 A.D.3d 872 (2d Dep't 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Seaman-Andwall Corp. v. Wright Machine Corp.*, 31 A.D.2d 136
(1st Dep't 1968), *aff'd*, 29 N.Y.2d 617 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Simon Indus. City Distillery, Inc.*, 159 A.D.3d 505 (1st Dep't 2018) . . . . . . . . . . . . . . . . . . . . . . . 5

*Springwood Vil., LLC v. Stanley Holdings LLC*, 201 A.D.3d 1342
(4th Dep't 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes & Rules**

CPLR § 3213. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5

ii

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
BKNS MANAGEMENT LLC,

Index No.

                     Plaintiff,

    - against -

FRYSTA MANAGEMENT LLC,

                     Defendant.
-------------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFF'S MOTION FOR
### SUMMARY JUDGMENT IN LIEU OF COMPLAINT

This memorandum is respectfully submitted on behalf of plaintiff BKNS Management

LLC ("BKNS") for an order, as follows:

A.    Pursuant to CPLR 3213, awarding plaintiff judgment against defendant Frysta

Management LLC ("Frysta") in the amount of $2,121,388.89, consisting of (i) unpaid principal

due under a Promissory Note (the "Note") in the amount of $2,000,000, and (ii) the balance of a

late fee owed in the amount of $121,388.89;

B.    Ordering that additional accrued interest be awarded to plaintiff against defendant

on the principal balance of $2,000,000 under the Note at the rate of 25% per annum, from March

28, 2024 until the date of entry of the judgment; and

C.    Granting plaintiff such other and further relief as the Court deems just and proper.

### PRELIMINARY STATEMENT

CPLR 3213 authorizes this motion for summary judgment, as it is based solely on an

instrument for the payment of money only: a Promissory Note in the principal amount of

1

Case 1:24-cv-03631-JPC     Document 1-1     Filed 05/10/24     Page 24 of 29

$2,000,000, dated April 19, 2023 (the "Note"), made by Frysta and executed on its behalf by its member, Noah Lasko. A true copy of the Note is attached to the accompanying affirmation of Brian Khunovitch, BKNS's managing member, at Exhibit A.

There can be no dispute that the Note was executed by Frysta. The amount owed and unpaid under the Note to date is set forth in the Khunovitch Affirmation, and similarly is not subject to dispute. Frysta is in default on its repayment obligations under the Note, and has been in default for many months. There are no defenses to this action. Therefore, the Court should grant plaintiff BKNS summary judgment in lieu of complaint and award it the amount set forth in the Notice of Motion.

## THE RELEVANT FACTS

The underlying facts are set forth in the accompanying Khunovitch Affirmation and are described below.

### The Loan and Note

Pursuant to Paragraph 1(a) of the Note, the total principal amount was to be repaid at the latest by October 18, 2023. Paragraph 4 of the Note provides that the Note must be repaid even earlier than October 18, 2023–within 90 days of the date of the Note–if Frysta does not secure an additional $8 million loan from a separate lender. Frysta did not secure this additional loan. For purposes of this motion, however, it makes no difference whether Frysta defaulted on its obligations under the Note as of October 18, 2023, or earlier, for Frysta has been in default now for over five months at the very least.

Paragraph 1(b) of the Note provides that the principal amount bears interest at the rate of 25% per annum.

2

FILED: NEW YORK COUNTY CLERK 04/08/2024 02:29 PM
NYSCEF DOC. NO. 8    Case 1:24-cv-03631-JPC    Document 1-1    Filed 05/10/24    Page 25 of 29

INDEX NO. 651812/2024
RECEIVED NYSCEF: 04/08/2024

Pursuant to paragraph 1( c) of the Note, BKNS is entitled to collect an additional $125,000 if an overdue amount remains unpaid for at least 30 days, which is the case here.

Pursuant to paragraph 1(e) of the Note, payments by Frysta are first applied to the payment of accrued interest.

Paragraph 2(a) of the Note provides that the failure to make any required payment of principal or interest under the Note constitutes an event of default under the Note.

Paragraph 2 (b) of the Note provides that upon written notice to the Borrower (i.e., Frysta), all unpaid principal and interest on the Note may be declared immediately due and payable and BKNS may proceed to enforce payment of the amount owed. BKNS gave such notice. Khunovitch Aff. Exhibit B.

This Court has jurisdiction over this matter and the parties. BKNS is a New York limited liability company, the $2 million Loan was wired to Frysta's affiliate from BKNS in New York, the parties agreed in paragraph 8 of the Note that the Note is governed by New York law, and the parties further agreed "that any dispute related to this Note shall be heard in the courts of New York County, New York."

**Defendant's Default, and Amount Owing**

The $2,000,000 Loan was wired by BKNS to Frysta's affiliate on April 26, 2023. Khunovitch Aff. Exhibit C.

The principal amount of $2,000,000, due and owing under the Note, was not repaid by October 18, 2023 or to date. In addition, as shown on the schedule attached as Exhibit D to the Khunovitch Affirmation, and as explained by Mr. Khunovitch in his affirmation, the balance of $121,388.89 for late fees is due and owing under the Note and has not been paid to date.

3

Frysta has not paid the principal due under the Note either at the maturity date of October 18, 2023, or to date, nor has it paid the balance of the late fee owed, and is thus in default under the Note.

Therefore, Frysta is liable to pay BKNS as of March 27, 2024, the sum of $2,121,388.89, consisting of (i) unpaid principal in the amount of $2,000,000, and (ii) the balance of late fees owed in the amount of $121,388.89. In addition, the Court should award BKNS interest on the unpaid principal of $2,000,000 at the rate of 25% per annum as provided in the Note, for the period commencing March 28, 2024 until judgment is entered.

## ARGUMENT

### I.

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT UNDER THE PROMISSORY NOTE

CPLR § 3213 provides in pertinent part:

> When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.

The indebtedness now due and owing by Frysta arises out of the Note. The courts uniformly grant CPLR 3213 motions for summary judgment in lieu of complaint when based on a promissory note. *See Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 444 (1996) (promissory note); *Springwood Vil., LLC v. Stanley Holdings LLC*, 201 A.D.3d 1342 (4th Dep't 2022) (promissory note); *Ocean View Realty Co. v. Ziss*, 90 A.D.3d 872 (2d Dep't 2011); *He v. Chang*, 83 A.D.3d 788 (2d Dep't 2011) (promissory note).

The standard to be applied in determining whether an instrument qualifies for CPLR 3213

4

treatment was stated by the Court of Appeals: "if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms, the moving party would be entitled to summary judgment . . . ." *Interman Industrial Products, Ltd. v. R.S.M. Electron Power, Inc.*, 37 N.Y.2d 151(1975). *See Seaman-Andwall Corp. v. Wright Machine Corp.*, 31 A.D.2d 136 (1st Dep't 1968), *aff'd*, 29 N.Y.2d 617 (1971). A plaintiff makes a prima facie case under CPLR 3213 by submitting the note with the moving papers and explaining that the maker of the note failed to make the payments required thereunder. *Simon Indus. City Distillery, Inc.*, 159 A.D.3d 505, 505 (1st Dep't 2018); *Goldberger v. Magid*, 133 A.D.3d 546, 546 (1st Dep't 2015).

BKNS has satisfied this standard. The Note and Khunovitch Affirmation, which has been submitted with this motion, make out a prima facie case for judgment against Frysta: They set forth an unequivocal obligation to pay, Frysta failed to pay BKNS and defaulted on its obligation to BKNS, and Frysta owes BKNS $2,121,388.89 as of March 27, 2024 in accordance with the plain terms of the Note. Therefore, summary judgment should be granted in favor of BKNS.

## CONCLUSION

For the above reasons and the reasons stated in the accompanying Khunovitch Affirmation, the Court should grant plaintiff's motion for summary judgment in lieu of complaint and enter judgment as follows:

A.    Pursuant to CPLR 3213, awarding plaintiff judgment against defendant in the amount of $2,121,388.89, consisting of (i) unpaid principal due under a Promissory Note in the amount of $2,000,000, and (ii) the balance of late fees owed under the Note in the amount of $121,388.89;

5

Case 1:24-cv-03631-JPC    Document 1-1    Filed 05/10/24    Page 28 of 29

B.    Ordering that additional accrued interest be awarded to plaintiff against defendant

on the principal balance of $2,000,000 under the Note at the rate of 25% per annum, from March

28, 2024 until the date of entry of the judgment; and

C.    Granting plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 8, 2024                  Respectfully submitted,

                              STAHL & ZELMANOVITZ
                              *Attorneys for Plaintiff*

                              By:    /s/ Joseph Zelmanovitz
                                  Joseph Zelmanovitz
                              747 Third Avenue, Suite 33B
                              New York, New York 10017
                              (212) 826-6422
                              jzelmanovitz@szlawllp.com

6

## CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing memorandum of law complies with the word count

limitation set forth in Rule 17 of the Rules of the Commercial Division of this Court, as it

contains 1,418 words, including signature block and captions, but excluding tables of contents

and authorities.  The document has been prepared using WordPerfect format.


Dated:  New York, New York
      April 8, 2024

           STAHL & ZELMANOVITZ
           *Attorneys for Plaintiff*


           By:_____
              Joseph Zelmanovitz
           747 Third Avenue, Suite 33B
           New York, New York 10017
           (212) 826-6422
           jzelmanovitz@szlawllp.com