# STAHL & ZELMANOVITZ

April 9, 2025

The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
Suite 1610
New York, New York 1007

   Re: **BKNS Management LLC v. Frysta Management LLC**
     **Case No. 1:24-cv-03631 (JPC)**

Dear Judge Cronan:

We represent plaintiff BKNS Management LLC. We respectfully submit this supplemental letter brief addressing the following issues outlined in the Court's Order of March 26, 2025.

1. Whether, following the decision of the New York Court of Appeals in *Adar Bays, LLC v. GeneSYS ID, Inc.*, 179 N.E.3d 612 (N.Y. 2021), the $125,000 post-default late fee is properly treated as a component of interest for the purpose of determining whether the promissory note is criminally usurious and therefore void *ab initio*.

The prevailing law in New York, that post-default obligations are not subject to the usury laws, was not changed by *Adar* or any subsequent Appellate Division case.

*Adar* did not address, and certainly did not reverse, the law in New York relating to post-default obligations. The issue in *Adar* was whether "stock conversion options should be considered when determining the interest charged on a loan transaction and usurious loans to corporations are wholly void under the [New York] General Obligations Law." 37 N.Y.3d 320, 339, 179 N.E.3d 612, 625 (2021). Indeed, the District Court in Adar Bays, LLC v Aim Exploration, Inc., 285 F. Supp. 3d 698, 705 (S.D.N.Y. 2018) (cited in the Second Circuit opinion in *Adar Bays, LLC v. GeneSYS ID, Inc.*, 962 F.3d 86 (2d Cir. 2020), which certified the question

747 THIRD AVENUE     FAX: (212) 826-6402
NEW YORK, NY 10017    PHONE: (212) 826-6422
JZELMANOVITZ@SZLAWLLP.COM

STAHL & ZELMANOVITZ

Hon. John P. Cronan, U.S.D.J.
April 9, 2025
Page 2

of the effect of stock conversion options to the New York Court of Appeals), held that whether

the criminal usury cap applies to defaulted obligations "is not determinative" in that case.

We have found no New York appellate division decision following *Adar* that addresses

the Court of Appeals' decision in *Adar* regarding post-default obligations, except *Bono v. Stim &*

*Warmuth,* P.C., 215 A.D.3d 911, 188 N.Y.S.3d 552 (2d Dep't 2023).  In that case, the court made

the following definitive holding, based on existing precedent in New York:

> Moreover, contrary to the plaintiffs' contention, "the defense of usury does not
> apply where . . . the terms of the . . . note impose a rate of interest in excess of the
> statutory maximum only after default or maturity" (*Torto Note Member, LLC v.*
> *Babad,* 192 A.D.3d 843, 845, 144 N.Y.S.3d 193 [internal quotation marks
> omitted]; *see Kraus v. Mendelsohn,* 97 A.D.3d 641, 641, 948 N.Y.S.2d 119).

215 A.D.3d at 912-913, 188 N.Y.S.3d at 554.

The *Bono* decision is in accord with the prevailing law that existed in New York and still

exists. *See Torto Note Member, LLC v. Babad,* 192 A.D.3d 843, 144 N.Y.S.3d 193 (2d Dep't

2021), *leave to appeal dismissed,* 38 N.Y.3d 1126, 172 N.Y.S.3d 674 (2022); *F.K. Gailey Co. v.*

*Wahl,* 262 A.D.2d 985, 692 N.Y.S.2d 563 (4th Dep't 1999); *Miller Planning Corp. v. Wells,* 253

A.D.2d 859, 678 N.Y.S.2d 340 (2d Dep't 1998).

*Adar* did not address and did not reverse this long-standing principle of New York law.

The late fee imposed in our case was *post-default*.  It is not a late fee such as that charged

by a landlord for late payment of rent or a credit card company for a late payment on a credit

card.  Those are not obligations imposed upon a default.  By contrast, the Promissory Note in our

# Stahl & Zelmanovitz

Hon. John P. Cronan, U.S.D.J.
April 9, 2025
Page 3

case provides that an Event of Default occurs when "The Borrower shall fail to make any required payment of principal of or interest on this Note." (Promissory Note, section 2(a)). The payment of principal and interest under the Note (section 1(b)) is payable "on the Maturity Date." The failure to make the required payments on that date is an Event of Default. Thus, on the face of the Note, it is only after default that the $125,000 becomes an obligation if the default continues for 30 days. As with any post-default obligation, under the prevailing New York law, the usury statute does not apply.

The cases in New York apply the New York rule to *post-default* late fees. As stated by the court in *Martell v Drake*, 124 A.D.3d 1200, 2 N.Y.s.3d 288 (3d Dep't 2015): "Defendant's contention that the late charges incurred after default should also be included in the calculation of interest is unavailing, because '[t]he defense of usury does not apply where the terms of a promissory note impose a rate of interest in excess of the statutory maximum only after maturity of the note.'" 124 A.D.3d at 1201, 2 N.Y.S.3d at 290 (quoting *Klapper v. Integrated Agric. Mgt. Co.*, 149 A.D.2d 765, 539 N.Y.S.2d 812 (3d Dep't 1989). *See also One Link Solutions., Inc. v. Sprizzo*, Index No. 606559-2020, 2021 N.Y. Misc. LEXIS 53559, at *3-4 (Sup. Ct., Nassau Co., Feb. 16, 2021).[1]

2.    Whether the determination of the first issue requires a fact finder to value that contingent future payment and, accordingly, whether a genuine dispute of material fact therefore exists which precludes the entry of summary judgment.

---

[1]    This case does not appear to be reported on Westlaw; a copy of the decision is attached to this letter brief.

STAHL & ZELMANOVITZ

Hon. John P. Cronan, U.S.D.J.
April 9, 2025
Page 4

As explained above, the obligation to pay $125,000 is post-default and, therefore, the payment cannot be considered a "contingent future payment." All post-default interest and charges are not subject to the usury laws according to the prevailing New York law. The consideration of whether a payment is deemed a contingent future payment for purposes of the usury analysis applies to *pre-default* obligations such as in *Adar,* where the Court of Appeals held that a floating price conversion option should be treated as a component of interest. The Court compared that issue to loans whose interest rated depend on life expectancy of a third party or actuarial tables, and its value is held to be a question of fact depending on "appropriate variation tables." 37 N.Y.3d at 337-338, 179 N.E.3d at 624-625. In *Adar*, the pre-default interest rate fluctuated if the defendant was delisted. In our case, there are no pre-default issues of fact concerning payments due pre-default.

3.     Whether under New York law, the promissory note reciting that the amount given to Frysta was "for value received" "preclude[s Frysta] from denying receipt of the consideration recited therein. *Cumis Ins. Soc., Inc. v. Dominic*, No. 95 Civ. 10221 (SS), 1997 WL 151120, at *3 (S.D.N.Y. Apr. 1, 1997) (Sotomayor, J.).

Frysta's execution of the Promissory Note and its undisputed statement "For Value Received," precludes it from denying receipt of the consideration. As later held by the court in *Sun Forest Corp. v. Shvili*, 152 Supp. 2d 367, 391 n.34 (S.D.N.Y. 2021):

> The Notes in question both state that the Shvilis would make payments on demand in consideration "for the value" that they received from Mid-City. Under New York law, a party executing a promissory note containing such a statement is precluded from denying receipt of the consideration recited therein. (Quoting *Cumis*).

STAHL & ZELMANOVITZ

Hon. John P. Cronan, U.S.D.J.
April 9, 2025
Page 5

A statement in an agreement "for value received," "is presumptively valid for consideration purposes." *O'Connor v. Society Pass Inc.*, 233 A.D.3d 139, 221 N.Y.S.3d 46 (1ˢᵗ Dep't 2024), citing *P.D.J. Corp. v. Bansh Props.*, 29 A.D.2d 927, 928, 289 N.Y.S.2d 32 (1ˢᵗ Dep't 1968, *aff'd*, 23 N.Y.2d 971, 246 N.E.2d 749 (1969).

This has been the law in New York for over a century. *See St. Lawrence County Nat'l Bank v. Watkins*, 153 A.D. 551, 554, 138 N.Y.S. 116 (3d Dep't 1912) ("the words 'for value received' constituted a good averment of consideration, and a demurrer to the complaint was overruled . . . . [T]he averment or statement that the contract was for value received was a sufficient statement of consideration"). The New York Court of Appeals long ago phrased this rule as an estoppel: "The guarantor acknowledged the receipt of . . . one dollar, *and is now estopped to deny it.*" *Cochran v. Taylor*, 273 N.Y. 172, 181, 7 N.E.2d 89, 92 (1937) (emphasis in original).

Frysta does not contend that the loan proceeds were not received, but argues that the funds were remitted to a different entity (an affiliate of defendant). Such an argument was rejected by the court in *Longview Equity Fund, LP v. McAndrew*, No. 06 Civ. 4304 (GEL), 2007 U.S. Dist. LEXIS 4581, at 9-10, 2007 WL 186769 (S.D.N.Y., Jan. 23, 2007). In *Longview*, the plaintiff made a loan to one McAndrew, who was the CEO of Energy & Engine Technology Corporation ("EETC"). McAndrew executed the note for the loan in his own name. McAndrew argued that the notes may not be enforced against him because of the lack of consideration, in

STAHL & ZELMANOVITZ

Hon. John P. Cronan, U.S.D.J.
April 9, 2025
Page 6

that the loan funds were paid to EETC and not to himself. The court rejected the defense, for

reasons applicable to our case:

> The Notes, however, state that they are "for value received." "Under New York
> law, a party executing a promissory note containing such a statement is precluded
> from denying receipt of the consideration recited therein.'" (Quoting *Sun Forest
> Corp.* and *Cumis, supra*).

Therefore, Frysta is precluded from denying receipt of the consideration stated in

the Promissory Note.

In addition, the fact that Frysta made some payments on the Promissory Note

($480,000 post-default) refutes its claim of lack of consideration. In *Tonche v. Cohen,*

Index No. 104452/2008, 2008 N.Y. Misc. LEXIS 10553, 2008 NY Slip Op 32983(U)

(Sup. Ct., N.Y. Co., Nov. 5, 2008),[2] the defendants on a promissory note contended that

the note lacked consideration. The court first pointed out that "Defendants very own

signature on a note containing the terms 'for value received' contradicts their assertion,"

citing to *Crumbliss v. Swerdlow*, 158 A.D.2d 502, 551 N.Y.S.2d 265 (2d Dep't 1990).

2008 N.Y. Misc. LEXIS 10553, at *8. The court then noted that the defendants had made

some payments on the note, which further contradicted their defense of lack of

consideration. *Id.*

Frysta similarly made payments under the subject Promissory Note, which should

---

[2]     This case does not appear to be reported on Westlaw; a copy of the decision is
attached to this letter brief.

STAHL & ZELMANOVITZ

Hon. John P. Cronan, U.S.D.J.
April 9, 2025
Page 7

refute its claim of lack of consideration.

  Based on the above and the submission of plaintiff on plaintiff's motion, the

Court should grant summary judgment in favor of plaintiff.

         Respectfully submitted,

         Joseph Zelmanovitz (JZ 0085)

cc: Kenneth E. Chase, Esq.

# INTENTIONALLY BLANK

## SUPREME COURT : STATE OF NEW YORK
## COUNTY OF NASSAU

PRESENT:
 HON. JEROME C. MURPHY,
  Justice.

---

ONE LINK SOLUTIONS, INC.,

       Plaintiff,

    - against -

JENNY SPRIZZO and DUCHESSA/UP TOWN
SPORTS, INC.,

       Defendants.

---

**TRIAL/IAS PART 10**
**Index No.: 606559-2020**
**Motion Date: 8-31-2020**
**Sequence No.: 001**

**DECISION AND ORDER**

---

The following papers were read on these motions:

Notice of Motion, Affirmation and Exhibits.................................................. 1
Affidavit of Michael J. Mortorano in Support ............................................... 2

---

### PRELIMINARY STATEMENT

Plaintiff brings this application for an order pursuant to CPLR §3213, direction entry of Judgement against the Defendant for $245,008.50 together with interest thereon from March 13, 2020, and for such other and further relief as this Court may deem just and proper, together with costs of this motion, upon the ground that this motion is based upon an instrument or documentation evidencing the obligation for the payment of money only, which is now due and payable.

### BACKGROUND

Plaintiff commenced this action by the filing of a Summons with Notice of Motion for Summary Judgment in Lieu of Complaint dated June 24, 2020. Michael K. Martorano is the principal owner and president of plaintiff One Link Solutions, Inc. ("One Link"). On February 27, 2020, the company loaned Jenny Sprizzo, personally, and doing business as Duchessa/Up Town Sports, Inc. ("Duchessa") $220,000. Jenny Sprizzo executed a Promissory Note on behalf

-1-

1 of 3

of Duchessa and as personal guarantor. (Exh. "A" to Affirmation).

The Note obligated defendants to pay the sum of $111,635.00 on or before March 13, 2010, and $111,100.00 on or before March 27, 2020, which included interest of 1%. Defendants have made no payments on account of the Note. The Note provided at ¶ 4 that if payment was not received within two days after its due date, a late charge of 10% was also due. Upon the failure to make any payment required within fifteen days of the due date, the Lender was entitled to declare defendants in default, requiring payment of all unpaid principal, interest, and other amounts due on the Note, and Lender's costs of collection and reasonable attorney fees.

Plaintiff dispersed the borrowed funds on behalf of defendants directly to CIF Holdings, Ltd., Xiamen Office by wiring to CIF's business account at the Hong Kong and Shanghai Banking Corp Ltd. No. 1 Queen's Road, Central Hong Kong. By letter dated June 3, 2020, counsel for plaintiff advised defendants that the Note had been turned over to them for collection.

Plaintiff has submitted Affidavits of Service personally upon Jenny Sprizzo, individually and on behalf of Duchessa. There has been no appearance or opposition submitted.

### DISCUSSION

Pursuant to CPLR § 3213, when an action is based upon an instrument for the payment of money only, the plaintiff may serve with the Summons a Notice of Motion for Summary Judgment and the supporting papers in lieu of a Complaint, and, if the motion is denied, the moving and answering papers will be deemed the Complaint and Answer, respectively, unless the Court orders otherwise. The premise for the statute is that it provides a speedy and effective means for resolving presumptively meritorious claims (*Banco Popular North America v. Victory Taxi Management, Inc.*, 1 N.Y.3d 381 [2004]).

The "instrument for the payment of money only" need not be a negotiable instrument, and it has been established that a check, promissory note, or trade acceptance are deemed "instruments for the payment of money only" (*Abilities, Inc. v. Citibank, N.A.*, 87 A.D.2d 831 [2d Dept. 1982]; *Stein v. 615 West 130th Street Corp.*, 121 A.D.2d 157 [1st Dept. 1986]; and *J. Gerber & Co., Inc. v. Long Island Pipe Fabrication & Supply Corp.*, 92 A.D.2d 530 [1st Dept. 1983]).

A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by a borrower to pay the lender over a stated period of time (*Lugli v. Johnston*, 78 A.D.3d 1133 [2d Dept. 2010]). The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar deminimis deviation from the face of the document (*Lawrence v. Kennedy*, 95 A.D.3d 955 [2d Dept. 2012]; *Lugli v. Johnston*,

Case 1:24-cv-03631-JPC   Document 11   Filed 04/09/25   Page 11 of 16

*supra*).

The stated interest rate for this one month loan was 1%, representing an annualized rate of 12%, which is not usurious. The imposition of a late charge does not contribute to the interest rate for usury purposes, as " '[t]he defense of usury does not apply were the terms of a promissory note impose a rate of interest in excess of the statutory maximum only after maturity of the note.' " (*Martell v. Drake*, 124 A.D.3d 1200 [3d Dept. 2015]).

Plaintiff's motion is granted. Submit Judgment on Notice.

To the extent that requested relief has not been granted, it is expressly denied.

This constitutes the Decision and Order of the Court.

Dated: Mineola, New York
October 29, 2020

ENTER:

**ENTERED**

**Feb 16 2021**

NASSAU COUNTY
COUNTY CLERK'S OFFICE

JEROME C. MURPHY
J.S.C.

-3-

3 of 3

INTENTIONALLY BLANK

## *Tonche v Cohen*

Supreme Court of New York, New York County

October 31, 2008, Decided; November 5, 2008, Filed

Index Number 104452/2008

**Reporter**

2008 N.Y. Misc. LEXIS 10553 *; 2008 NY Slip Op 32983(U) **

 **[**2]** CARLOS TONCHE, JR., as Attorney-in-Fact for MILAN GERNAT, Plaintiff, against EWA J. COHEN AND LARRY COHEN, Defendants.

**Notice:** THIS OPINION IS UNCORRECTED AND WILL NOT BE PUBLISHED IN THE PRINTED OFFICIAL REPORTS

**Prior History:** *Matter of Tonche v. Original Christine's Restaurant, Inc., 2008 N.Y. Misc. LEXIS 8883 (N.Y. Sup. Ct., Mar. 20, 2008)*

**Counsel:** **[*1]** For Plaintiff: Ginsburg & Misk, By: Gerard N. Misk, Esq., Queens Village, NY.

For Defendants: Dobshinsky & Priya, LLC, By: Neal S. Dobshinsky, Esq., New York, NY.

**Judges:** Paul G. Feinman, J.S.C.

**Opinion by:** Paul G. Feinman

# Opinion

## DECISION AND ORDER

### PAUL G. FEINMAN, J.:

Plaintiff moves the court pursuant to *CPLR 3213* for summary judgment in lieu of complaint in this action to recover on a promissory note upon which defendants allegedly defaulted. Defendants oppose the motion, primarily arguing that there is a lack of consideration for the promissory note. For the reasons which follow, plaintiff's motion is granted.

### *Background*

On or about December 29, 2004, [1] Ewa Cohen and Larry Cohen (hereinafter "defendants") as borrowers, executed a promissory note with Carlos Tonche, Jr. for the principal sum of $ 118,000 with an interest rate of seven percent (7%) per annum on the unpaid balance (Pl. Affm. **[**3]** in Supp. of Motion [hereinafter "Misk Aff."] P 4). Under the terms of the promissory note, defendants were required to make sixty (60) monthly payments of $ 2,336.54 commencing in November of 2004 and ending in October 2009 (Misk Aff. P 4, Ex. A). The promissory note also contains a provision for late payment charges of ten percent **[*2]** (10%) or $ 233.37 per month where payment is

---

[1] The promissory note is undated, but it was notarized on December 29, 2004. According to plaintiff, this was also the date of the execution of the promissory note (Tonche Aff. P 2).

JOSEPH ZELMANOVITZ

2008 N.Y. Misc. LEXIS 10553, *2; 2008 NY Slip Op 32983(U), **3

not made within five (5) days of the due date, plus reasonable attorneys' fees (Misk Aff. P 4, Ex. A). In addition, the promissory note contains a clause stating that, at the option of any holder of the note, the note shall be made immediately payable where the borrower fails to make payment within thirteen (13) days of the due date (Misk Aff., Ex. A). According to plaintiff, defendants made twenty-five (25) payments on the note, from November 2004 to December 2006, but defaulted on the January 2007 payment, and have not made any further payments (Misk Aff. P 4).

Plaintiff now brings this motion for summary judgment in lieu of complaint [2] to recover the outstanding balance on the promissory note in the amount of $ 73,777.19 (Misk Aff. P 6). Plaintiff provides an amortization schedule showing the outstanding balance based on the length of the loan and the interest rate, and calculates the accrued interest on the loan to be $ 8,167.95 (Misk Aff. P 7, Ex. D). Plaintiff [*3] also seeks to recover reasonable attorney's fees incurred in the enforcement of the note (Misk Aff. P 7).

In opposition to the motion, defendants argue that "the major factual issue that precludes the granting of summary judgment" is the lack of consideration for the note (Answering Affm. P 8). Defendants also argue that there are other evidentiary problems with plaintiff's proof which [**4] stand as "significant obstacles to granting the motion," including the execution of plaintiff's affidavit in the State of New Jersey (Answering Affm. PP 8, 9). Defendants also contend that the Power of Attorney on which Tonche, Jr. relies to gain standing to sue defendants is not admissible evidence in this case under *CPLR § 2309* (Answering Aff. P 10).

In reply, plaintiff contends that there is no dispute that the [*4] "General Power of Attorney" is authentic and confers upon Tonche, Jr. the power to bring this type of lawsuit on behalf of Gernat (Reply Affm. P 6). By loan transfer agreement dated April 29, 2006 Carlos Tonche, Jr. transferred the loan at issue to Milan Gernat, and Gernat agreed to "assume payments from Ms. Cohen for the outstanding loan" (Misk. Aff. P 5, Ex. C). On October 19, 2006, Gernat signed a "General Power of Attorney," which grants to Tonche, Jr., as Attorney-in-Fact:

> Full power and authority to do and perform all and every act and thing whatsoever requisite, necessary and proper to be done in the exercise of any of the rights and powers herein granted as to all intents and purposes as [Gernat] might or could do …. [including the power] … to ask, demand, sue for, cover collect, receive, and hold and possess all such sums of money…personal and real property, intangible and tangible property and property rights and demands whatsoever, liquidated or unliquidated, as are now, or shall hereafter become owed by, or due, owing, payable or belonging to [Gernat].

(Misk. Aff. P 5, Ex. B).

According to plaintiff, "the issue of the authenticity of this Power of Attorney has already been [*5] decided by a Court of competent jurisdiction in a related matter" (*Matter of Carlos Tonche, Jr., as Attorney-in-Fact for Milan Gernat v Original Christine's Restaurant, Inc.,* Index No. 602217/2007) (Reply Affm. PP 7, 8, Ex. B).

Plaintiff also contends that defendants' argument that the promissory note cannot be enforced because of an absence of consideration contradicts the plain language of the note, which states unequivocally "FOR VALUE RECEIVED, the undersigned hereby jointly and severally promise to pay to the order of Carlos Tonche, Jr. …" (Reply Affm. P 9). Thus, plaintiff argues that [**5] defendants' assertion is "nothing more than an attempt to further delay the repayment of the outstanding portion of this promissory note" (Reply Affm. P9).


### Discussion

Under New York law, "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting

---

[2] Plaintiff Carlos Tonche, Jr. initially brought an action to recover on this promissory note by filing a verified complaint (Index No. 108468/2007) in or about June 2007 (Answering Aff. P 3, Ex. A). However, in March 2008, plaintiff discontinued that action based on his transfer of the note to Milan Gernat, and filed the instant action as attorney-in-fact to Gernat (Answering Aff. P 4, Ex. E).

Case 1:24-cv-03631-JPC   Document 11   Filed 04/09/25   Page 15 of 16

2008 N.Y. Misc. LEXIS 10553, *5; 2008 NY Slip Op 32983(U), **5

papers in lieu of a complaint" (*CPLR § 3213*). *CPLR § 3213* is intended to provide a "speedy and effective means" for resolving "presumptively meritorious claims" (*Banco Popular N. Am. v Victory Taxi Mgmt., 1 NY3d 381, 383, 806 N.E.2d 488, 774 N.Y.S.2d 480 [2004]*, [*6] quoting *Interman Industrial Products, Ltd. v R. S. M. Electron Power, Inc., 37 NY2d 151, 154, 332 N.E.2d 859, 371 N.Y.S.2d 675 [1975]*; see also, *Holmes v Allstate Ins. Co. 33 AD2d 96, 98-99, 305 N.Y.S.2d 563 [1st Dept. 1969])*. Thus, a document comes within *CPLR § 3213* only "if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (*Interman, 37 NY2d at 155*). However, "the instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimus deviation from the face of the document" (*Weissman v Sinorm Deli, 88 NY2d 437, 444, 669 N.E.2d 242, 646 N.Y.S.2d 308 [1996]*, quoting *Bank Leumi Trust Co. v Rattet & Liebman, 182 AD2d 541, 542, 582 N.Y.S.2d 707 [1st Dept. 1992])*. Where a prima facie case is shown, the moving party would be entitled to summary judgment unless the opposing party comes forward with "evidentiary proof sufficient to raise an issue as to the defenses to the instrument" (*Interman, 37 NY2d at 155*).

Here, defendants first raise the issue of standing as a defense in this action and challenge the validity of Tonche's "General Power of Attorney." Plaintiff argues, and the record confirms, that the issue of the validity of the "General Power of Attorney" in this case has been [*7] previously determined by a court of competent jurisdiction. *See Matter of Carlos Tonche, Jr., as Attorney-in-Fact for Milan Gernat v Original Christine's Restaurant, Inc., Index No. 602217/2007, 2008 N.Y. Misc. LEXIS 8883, 2008 NY Slip Op 30837[U] (Sup. Ct. NY Co., Kornreich, J. 2008)* [**6] . That court of co-ordinate jurisdiction stated that "due to the 'General Power of Attorney' executed by Gernat, [Tonche] clearly has standing to bring this petition on Gernat's behalf." However, the court is not collaterally estopped from reconsidering the issue because there is not an identity of parties in the two actions. That said, the court finds the decision in that action to be persuasive, albeit not controlling, authority.

Aside from certain technical errors raised by defendants regarding the typographical errors and *CPLR 2309*, [3] since addressed in reply, defendants only real opposition to the promissory note is based on the purported lack of consideration in the note. The plain language of the promissory note at issue establishes as a matter of law defendant's absolute, unconditional obligation to pay the sum of $ 2,336.54 per month plus ten percent interest, i.e., $ 233.37, for each month that payment is not made within five days of the due date. [*8] The court notes that defendants have produced no evidence to substantiate their allegation that there was a lack of consideration for the note or to defeat plaintiffs motion by rebutting the conclusion that they did not default in payment. Rather, the evidence of record indicates that defendants' allegation of lack of consideration lacks veracity. Defendants very own signature on a note containing the terms "for value received" contradicts their assertion (*see e.g., Crumbliss v. Swerdlow, 158 A.D.2d 502, 551 N.Y.S.2d 265 [2d Dept. 1990])* app den. *75 N.Y.2d 710, 555 N.E.2d 929, 556 N.Y.S.2d 532 [1990]* [finding summary judgment in lieu of complaint proper where use of the term "for the value received" in the promissory note indicated that there was consideration for the note, despite defendants unsubstantiated assertion that the note is [**7] unenforceable due to lack of consideration]).

Further, the court notes that, for more than two years after executing the note, defendants made regular monthly payment on the note (having made a total of twenty-five (25) payments) that they now claim lacks consideration. Thus, their conclusory contention cannot stand as a bar to plaintiff's claim (*see e.g., TPZ Corp. v Rigakos, 226 AD2d 445, 640 N.Y.S.2d 803 [2d Dept. 1996]*, app den. *89 N.Y.2d 807, 677 N.E.2d 289, 654 N.Y.S.2d 717 (1997)]* ["defendants' unsubstantiated, conclusory allegations of lack of consideration … were insufficient to defeat the plaintiff's motion for summary judgment in lieu of complaint" in an action to recover on two promissory notes]). In the absence of any evidentiary proof sufficient to raise an issue as to the defenses to the promissory note, plaintiff is entitled to summary judgment in lieu of complaint (*see e.g., Alard, L.L.C. v Weiss, 1 AD3d 131, 131, 767 N.Y.S.2d*

---

[3] Plaintiff has corrected the errors made in his earlier papers and provides an affidavit that has been executed in New York for the court's consideration as having been filed *nunc pro tunc* (Reply Affm. P 5). Further, the court notes that plaintiffs mislabeling of the motion as one for summary judgment pursuant to *CPLR § 3212* was of no moment "since errors of such [*9] type are to be disregarded" (*see Technical Tape, Inc. v. Spray-Tuck, Inc. 146 A.D.2d 517, 536 N.Y.S.2d 457 [1st Dept. 1989]*, app dismd without op. **74 N.Y.2d 791, 543 N.E.2d 749, 545 N.Y.S.2d 106 [1989]**).

2008 N.Y. Misc. LEXIS 10553, *9; 2008 NY Slip Op 32983(U), **7

*11 [1st Dept. 2003]* [having established defendant's execution of the note and default in payment, plaintiff made out a prima facie case for summary judgment in lieu of complaint]). It is therefore

ORDERED that the **[*10]** plaintiff's motion for summary judgment pursuant to *CPLR 3213* is granted and the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants Ewa Cohen and Larry Cohen in the amount of $ 73,777.19 plus interest of $ 8,167.95 for a total of $ 81,945.14, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

This constitutes the decision and order of the court.

Dated: October 31, 2008

New York, New York

/s/ Paul G. Feinman

J.S.C.

---

**End of Document**