

April 9, 2025

<div style="float:right">

Kenneth E. Chase
Chase Law & Associates, P.A
951 Yamato Road, Suite 280
Boca Raton, FL 33431
t 305.402.9800
kchase@chaselaw.com

</div>

Honorable John P. Cronan
United States District Judge
United States District Court – SDNY
500 Pearl Street, Suite 1610
New York, NY 10007

> *Re:    BKNS Management LLC v. Frysta Management LLC*
> *Case no. 1:24-cv-03631 Defendant's Supplemental Letter*
> *Pursuant to March 26, 2025 Order (ECF No. 10)*

Dear Judge Cronan:

Pursuant to the Court's March 26, 2025 Order (ECF No. 10), Defendant Frysta Management LLC respectfully submits this supplemental letter brief addressing the three specific issues identified by the Court.

**1. Whether, following the decision of the New York Court of Appeals in *Adar Bays, LLC v. GeneSYS ID, Inc.*, 179 N.E.3d 612 (N.Y. 2021), the $125,000 post-default late fee is properly treated as a component of interest for the purpose of determining whether the promissory note is criminally usurious and therefore void *ab initio*.**

Yes. The $125,000 "additional interest" provision must be treated as interest under *Adar Bays*, rendering the note criminally usurious and void *ab initio*. In *Adar Bays*, the Court of Appeals held that "interest" encompasses all forms of compensation that enhance a lender's return, particularly when tied to contingencies beyond the borrower's control. 37 N.Y.3d at 333-34.

The Promissory Note was a six-month loan (April 19, 2023 to October 18, 2023) with a stated annual interest rate of 25%. Section 1(c) of the note—expressly titled "ADDITIONAL INTEREST"—provides for an additional $125,000 charge if "any amount due under this Note shall be overdue" and "remains unpaid for at least thirty (30) days from when due." When this $125,000 is added to the base interest of $250,000,



the total interest becomes $375,000 over six months. Annualized, this equals $750,000 interest on the $2,000,000 principal, resulting in an effective interest rate of 37.5%—well above the 25% criminal usury threshold under Penal Law § 190.40. (ECF No. 1-1 at 11, 25-26).

Page 2

Moreover, Plaintiff's own calculations reveal usury. As set forth in Plaintiff's papers, Plaintiff issued a $2,000,000 loan to Defendant on April 26, 2023, and sent a notice of default 336 days later on March 27, 2024, despite having received $480,000 in repayment. Plaintiff's calculations show that over those 336 days, $476,488.89 in interest accrued. When divided by 336 days, this reflects a daily interest accrual of $1,418.12, which annualizes to $517,614.42, corresponding to a rate of 25.88%—already exceeding the 25% limit without even considering the additional $125,000.

The $125,000 "additional interest" must be included in the usury calculation for three reasons:

First, Section 4 of the note, titled "NOTE CONTINGENT UPON ADDITIONAL LOAN," creates a mechanism where payment becomes due prior to the stated maturity date if "Borrower does not secure the eight million dollars ($8,000,000) loan from the separate lender." This arrangement makes the $125,000 a contingent payment triggered by events not fully within Frysta's control, precisely the type of payment that *Adar Bays* requires to be treated as interest.

Second, the note's structure reveals that the $125,000 "additional interest" is not a true post-default provision. The note creates a peculiar scenario where, on the date of the purported "default," the borrower is deemed to be already 30 days late through a retroactive resetting of the due date. This manipulative drafting appears designed to circumvent usury laws.

Third, in *Blue Wolf Capital Fund II, L.P. v. American Stevedoring, Inc.*, 105 A.D.3d 178, 183 (1st Dept. 2013), which *Adar Bays* cited approvingly, the First Department held that "if an instrument provides that the creditor will receive additional payment in the event of a



contingency beyond the borrower's control, the contingent payment constitutes interest within the meaning of the usury statutes."

**2. Whether the determination of the first issue requires a fact finder to value that contingent future payment and, accordingly, whether a genuine dispute of material fact therefore exists which precludes the entry of summary judgment.**

No. Unlike the floating-price stock conversion option in *Adar Bays*, which required a valuation to determine its impact on the effective interest rate, the $125,000 payment at issue here is a fixed amount that requires no complex valuation model.

In *Adar Bays*, the Court considered a floating conversion option whose value varied based on market conditions. 37 N.Y.3d at 337-38. The Court noted that the mere possibility of exceeding the legal interest rate through such an option does not make a loan facially usurious; rather, the question becomes one of fact, and the burden of proving the value falls on the borrower. *Id.*

This case presents a fundamentally different scenario. The $125,000 fee is a predetermined, fixed amount that automatically attaches once triggered. As in *Blue Wolf*, the fixed nature of the payment allows the court to determine its effect from the face of the agreement without expert testimony or complex fact-finding. 105 A.D.3d at 183-84.

The three-part test from *Blue Wolf* for calculating the effective interest rate—(1) determine total interest charged, (2) calculate net loan proceeds, and (3) express interest as a percentage of net funds—yields a clear 37.5% rate on its face when applied to this note. *Id.* Alternatively, using Plaintiff's own calculations, the rate is 32.6%, still well above the criminal usury threshold.

A lender's intent to violate usury laws is "conclusively presumed" if the note "shows a rate of interest higher than the statutory lawful rate." *In re Rosner*, 48 B.R. 538, 547 (Bankr. E.D.N.Y. 1985) (citing *Freitas v. Geddes Savings and Loan Ass'n.*, 63 N.Y.2d 254, 261 (N.Y. 1984)). Here,



the note on its face demonstrates a rate that exceeds the statutory maximum.

**3. Whether under New York law, the promissory note reciting that the amount given to Frysta was "for value received" "preclude[s Frysta] from denying receipt of the consideration recited therein."** *Cumis Ins. Soc., Inc. v. Dominic*, **No. 95 Civ. 10221 (SS), 1997 WL 151120, at \*3 (S.D.N.Y. Apr. 1, 1997) (Sotomayor, J.).**

No. Frysta's defense is not barred by the "for value received" recital for three reasons:

First, Frysta does not dispute the legal sufficiency of consideration, but instead raises a targeted factual challenge that the purported loan proceeds were never actually delivered. This distinction is critical. While *Cumis* establishes that a borrower may be estopped from challenging the legal sufficiency of consideration, it does not foreclose factual challenges regarding whether funds were actually transferred.

Second, unlike in *Cumis*, Frysta has produced documentary evidence directly contradicting the recital. (See ECF No. 1-1 at 27; Lasko Decl. ¶ 14). New York courts have consistently held that the presumption created by a "value received" recital is rebuttable by evidence showing that consideration was not, in fact, received. See *Ehrlich v. American Moninger Greenhouse Mfg. Corp.*, 26 N.Y.2d 255, 258 (1970) (holding that recitals create only a rebuttable presumption); *Farina v. Navigators Ins. Co.*, 183 A.D.3d 508, 510 (1st Dep't 2020) (similar).

Third, the Second Circuit has recognized that while a "value received" recital creates a presumption, it "does not preclude a defendant from introducing evidence to dispute whether value was actually given." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 114 (2d Cir. 2019). This principle is particularly relevant where, as here, the alleged failure of consideration involves a straightforward factual question of whether funds were transferred. Frysta's evidence that it never received the funds (Lasko Decl. ¶ 14) creates, at minimum, a material factual dispute that cannot be resolved on summary judgment.



**CHASE LAW**
**& ASSOCIATES, P.A.**

### Conclusion

For the foregoing reasons addressing the Court's specific questions, Frysta respectfully submits that: (1) the $125,000 additional interest provision must be treated as interest under *Adar Bays*, (2) no fact-finding is required to determine that the note is criminally usurious on its face, and (3) the "for value received" recital does not preclude Frysta from proving that it never received the loan proceeds. Accordingly, the note is void *ab initio* under New York's criminal usury laws, and at minimum, summary judgment should be denied.

Very truly yours,

Kenneth E. Chase

Page 5