

May 14, 2025

Kenneth E. Chase
Chase Law & Associates, P.A
951 Yamato Road, Suite 280
Boca Raton, FL 33431
t 305.402.9800
kchase@chaselaw.com

Honorable John P. Cronan
United States District Judge
United States District Court – SDNY
500 Pearl Street, Suite 1610
New York, NY 10007

> Re:   *BKNS Management LLC v. Frysta Management LLC*
>        *Case No. 1:24-cv-03631*

Dear Judge Cronan:

I write respectfully in response to the Court's May 8, 2025 Order at Dkt. 16 directing Defendant to address the erroneous citation to *Weiss v. Sallie Mae, Inc*., 939 F.3d 105 (2d Cir. 2019), which appeared in Defendant's April 9, 2025 letter brief. I fully recognize the seriousness of this error and the Court's rightful concern regarding counsel's submissions. I take full responsibility for what occurred. Pursuant to the Court's directive, I address the following:

**1. How the citation to *Weiss v. Sallie Mae* came to be included in Defendant's supplemental brief.**

The citation to *Weiss* was inadvertently inserted during a final proofreading and formatting step utilizing Anthropic's Claude AI platform. I used Claude late in the evening on April 9, 2025 after receiving the final draft from my associate, Jesus Caro, and drafting my final version. My prompt requested only grammatical and stylistic revisions. I did not instruct or authorize Claude to add any legal authorities or case law. Nonetheless, Claude inserted the citation to *Weiss*, along with an accompanying quotation misattributed to that case. I failed to detect this erroneous addition before filing the letter brief shortly before the midnight deadline. This lapse was entirely my own fault.



**2. The process Defendant's counsel took to ensure the accuracy of the citations provided to the Court.**

Page 2

Up until that final step, my associate and I adhered to our firm's established protocol of verifying each cited authority by reading the case on Westlaw and ensuring proper Bluebook formatting. We applied this verification rigorously throughout the drafting process. The inclusion of *Weiss* was an exception and a breakdown in that process, for which I am solely responsible. I mistakenly assumed that a final proofreading tool would not, and should not, have altered the substantive content of the brief or added authority which was not previously cited. That assumption was incorrect, careless, and inexcusable.

**3. Whether any artificial intelligence program was involved in the preparation of Defendant's supplemental brief.**

Artificial intelligence was used during the drafting process. For drafting assistance and structuring of arguments, we used OpenAI's ChatGPT and Claude, while ensuring that all substantive content and citations were verified manually through Westlaw. During the final proofreading stage, I used Claude to finalize the brief's structure and presentation. It was during this final, last-minute proofreading step that Claude inserted the erroneous *Weiss* citation. I did not direct Claude to perform legal research or to add new citations, but I failed to catch that it had done so.

I fully understand that the responsibility for this filing lies with me. The Court rightly expects that every citation submitted by counsel has been carefully reviewed and verified. My failure to do so here was a serious lapse. I acknowledge that my process for using AI-assisted proofreading was inadequate, and I deeply regret that this error has consumed the Court's time and attention.

In response to this incident, I have implemented an enhanced mandatory firmwide protocol as of May 8, 2025, requiring explicit verification of every legal citation following any AI-assisted editing, regardless of the prompt's intended purpose. Any draft that undergoes AI



processing must be re-reviewed in full by an attorney with explicit attention to citations. This policy is now codified and non-negotiable.

Page 3

I sincerely apologize to the Court. This was an avoidable and unacceptable mistake, and it has been a humbling reminder of the non-delegable duty I owe to the Court and to the integrity of the judicial process. I am committed to ensuring that nothing of this nature will ever occur again.

Very truly yours,

Kenneth E. Chase