## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BKNS MANAGEMENT, LLC, | Case No. 1:24-cv-3631-JPC |
| Plaintiff, | |
| -against- | |
| FRYSTA MANAGEMENT, LLC, | |
| Defendant. | |

### AFFIDAVIT OF KENNETH E. CHASE

I, Kenneth E. Chase, an individual being duly sworn under oath, affirms as follows under penalty of perjury:

1.     I apologize and take full responsibility.

2.     I am counsel of record for Defendant Frysta Management, LLC in this matter.

3.     I am the managing attorney of Chase Law & Associates, P.A., where I employ and supervise three full-time associates.

4.     The error with the use of artificial intelligence ("AI") and the citation to *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 114 (2d Cir. 2019) was a grave error. The fault is entirely mine.

5.     I submit this affidavit per the Court's order at Dkt. 16.

6.     On March 26, 2025, the Court ordered supplemental briefing addressing three specific issues. Dkt. 10.

7.     On March 26, 2025, I assigned the initial drafting of the supplemental brief to my associate, Jesus Caro.

8.     On April 2, 2025, Mr. Caro worked for 5.1 hours on the letter brief.

9.     On April 3, 2025, Mr. Caro emailed me a draft of the letter brief, which I reviewed.

10.     From April 3, 2025 to April 9, 2025, Mr. Caro and I exchanged emails and conducted telephone calls during which time we discussed the arguments in the letter brief, the case law per Westlaw, and revisions to the brief.

11.     I reviewed each version of each updated draft by Mr. Caro, and I reviewed the case law cited in Mr. Caro's drafts of the brief.

12.     Mr. Caro completed a total of seven drafts, and I reviewed each of his drafts, which contained revisions at my direction.

13.     Mr. Caro and I collaborated extensively on this matter.

14.     Mr. Caro did not do anything wrong.

15.     As discussed herein, Mr. Caro never cited *Weiss* in any of his drafts, and he did not review the version of the brief containing *Weiss*.

16.     On April 9, 2025 at 6:18 pm, Mr. Caro sent me a final draft for my review and approval.

17.     On April 9, 2025 beginning at 6:37 pm, I made revisions to the draft of the letter brief.

18.     On April 9, 2025 at 7:29 pm, after reviewing the updated draft, I sent Mr. Caro additional revisions to implement by email.

19.     On April 9, 2025 at 8:24 pm, Mr. Caro notified me that the revisions had been made, which I immediately reviewed.

20.     On April 9, 2025 at 9:02 pm, Mr. Caro and I conducted a 37-minute telephone call during which time we discussed these legal matters at issue, and we collaborated on any additional revisions.

21.     On April 9, 2025, at 10:56 pm, I revised the updated draft of the letter brief.

22.     On April 9, 2025 at 11:07 pm, Mr. Caro confirmed that the additional requested changes were complete.

23.     On April 9, 2025 at 11:12 pm, I further revised a "KC" draft of the letter brief, and I completed those revisions at 11:39 pm. The "KC Draft" was completed at 11:39 pm.

24.     The KC Draft, completed on April 9, 2025 at 11:39 pm, also did <u>not</u> contain a citation to *Weiss*.[1]

25.     Section 3 of the KC Draft contained only one citation, *Cumis Ins. Soc., Inc. v. Dominic*, No. 95 Civ. 10221 (SS), 1997 WL 151120, at *3 (S.D.N.Y. Apr. 1, 1997), which counsel substantively reviewed.

26.     The erroneous inclusion of *Weiss* resulted entirely from my own doing in a final act of editing with AI before filing. As a last step, I used Anthropic's Claude AI platform at 11:42 pm for final revisions. With these revisions, I did not request any changes to case law, as the draft was already completed and should have just been filed as-is.

27.     It has been my firm's longstanding policy that any case law cited in a draft in connection with the use of AI must be confirmed by reading the case on Westlaw.

28.     In using Claude AI as a final step for proofreading and polishing, I did not request any modifications to the case law which had been properly and correctly reviewed through that time (11:42 pm on April 9, 2025) per our normal protocols.

29.     Before using Claude at 11:42 pm on April 9, 2025, I had reviewed all the case law and citations in the letter brief. Based on my conversations with Mr. Caro, it was my understanding that he had done the same.

---

[1] All drafts in their native form, inclusive of metadata, are available to the Court upon request.

30.     I reviewed the revised draft from Claude subsequent to 11:42 pm and I did not carefully review the third section. Had I carefully reviewed that section, I would have noticed the inclusion of *Weiss*, as *Weiss* was not in any prior drafts. I would have checked the validity of that case and citation on Westlaw, which is our protocol. I then would have deleted the reference to the case. Moreover, the citation to the Second Circuit on a matter of state substantive law is unnecessary in light of *Cumis*.

31.     I recognize that my failure to detect the erroneous citation represents a serious lapse in my duty to the Court. The Court relies on counsel to verify the accuracy of every citation, and my failure to do so undermines that trust.

32.     On April 9, 2025, just before midnight, I filed the letter brief without recognizing that Claude AI had added *Weiss*.

33.     In preparing this submission for the Court, I candidly self-report that two additional cases in Section 3 in the second to last paragraph at ECF No. 12 at 4 were not in any of our seven prior drafts. They were also added by Claude AI just before filing. Those newly included cases in the final draft are "*Ehrlich v. American Moninger Greenhouse Mfg. Corp.*, 26 N.Y.2d 255, 258 (1970) (holding that recitals create only a rebuttable presumption); *Farina v. Navigators Ins. Co.*, 183 A.D.3d 508, 510 (1st Dep't 2020) (similar)."

34.     The first case, *Ehrlich*, is an accurate citation and it reflects the point of law cited. But I candidly state that it was not in our prior drafts.

35.     The second case, *Farina v. Navigators,* is not accurate. The citation, 183 A.D.3d 508, is to a different case, *Rad v. IAC/InterActiveCorp*, 183 A.D.3d 508 (1st Dep't 2020). The *Rad v. IAC* case ends on page 509 and it is not on point or relevant to the case.

4

36.    These citations were not in any of our prior seven drafts of the letter brief and their inclusion was the result of my inadvertent oversight.

37.    The mistake is mine. This issue is not a systemic issue in my firm, which regularly uses AI technology, but uses it thoughtfully and responsibly. Moreover, I have implemented an even more rigorous verification system for ensuring that AI does not add or alter any authority in drafts of court filings.

38.    I sincerely apologize to the Court for this failure. I am fully aware of the significance of this breach. This has been a hard-learned lesson, and I am determined to ensure that no such error can ever occur again. The integrity of submissions to the Court must be absolute, and I have instituted strict protocols to guarantee this moving forward.

I declare under penalty of perjury that the foregoing is true and correct.

*Kenneth Chase*

KENNETH E. CHASE

Online notarization performed via audio/video communication

Subscribed and sworn to me this

14th day of _____ May _____ , 2025

*Abha Narang*

Name of Notary: Abha Narang

ID VERIFIED BY FL DL

NOTARY PUBLIC

My commission expires November 1 , 20 28

Abha Narang
Notary Public State of Florida
Commission #HH 596345
Commission Expires on
Nov 1, 2028

State of Florida
Broward County

6