**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BKNS MANAGEMENT, LLC, | Case No. 1:24-cv-3631-JPC |
| Plaintiff, | |
| -against- | |
| FRYSTA MANAGEMENT, LLC, | |
| Defendant. | |

**AFFIDAVIT OF JESUS M. CARO**

I, Jesus M. Caro, an individual being duly sworn under oath, affirms as follows under penalty of perjury:

1.    I am an attorney licensed in the State of Florida.

2.    Since May 10, 2024, I have been employed as an associate attorney at Chase Law & Associates, P.A.

3.    I submit this affidavit to describe my contributions to the letter brief filed at Dkt. 12 and per the Court's May 8, 2025 Order at Dkt. 16.

4.    On March 26, 2025, Mr. Ken Chase assigned me the task of preparing a letter brief per the Court's March 26, 2025 Order at Dkt. 10.

5.    I work closely with Mr. Chase on a daily basis across multiple matters. We maintain a rigorous and collaborative drafting process, which I follow with diligence and care.

6.    Following the assignment on March 26, 2025, we discussed the letter brief extensively.

7.    In preparing the brief, I used Westlaw for legal research.

8.      In preparing the brief, I used artificial intelligence ("AI") software, namely OpenAI's ChatGPT and Anthropic's Claude.

9.      I am aware of the issues surrounding AI-generated citations and have discussed them with Mr. Chase.

10.     It is my understanding that regardless of how any Chase Law & Associates, P.A. work-product is created, it is the firm's longstanding policy to verify the accuracy and correctness of every citation using legal research tools like Westlaw. As discussed herein, I adhered to that standard in this case.

11.     Between April 2, 2025 and April 9, 2025, I drafted and revised seven versions of the letter brief. These drafts incorporated ongoing feedback from Mr. Chase and were revised accordingly in subsequent drafts beginning April 3, 2025. I spent 11.3 hours drafting and revising the letter brief.

12.     None of my drafts contained a citation to *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105 (2d Cir. 2019).

13.     I was not involved in the inclusion of the *Weiss* citation in the letter brief filed at Dkt. 12.

14.     On April 3, 2025, I emailed a completed draft of the letter brief to Mr. Chase for his review and comment.

15.     Mr. Chase and I corresponded by email on April 3, 2025 regarding the matters in the brief.

16.     On April 8, 2025 at 1:55 pm, I sent an updated draft to Mr. Chase for his review and feedback.

2

17.    On April 9, 2025, Mr. Chase and I collaborated throughout the day on additional revisions to the letter brief.

18.    On April 9, 2025 at 6:18 pm, I sent a final draft to Mr. Chase for his review and approval.

19.    On April 9, 2025 at 7:29 pm, Mr. Chase emailed me with additional revisions to be made to the brief, which I implemented and confirmed completion at 8:24 pm.

20.    On April 9, 2025 at 9:02 pm, Mr. Chase and I conducted a 37-minute telephone call during which time we discussed the arguments, the case law, and the letter brief.

21.    On April 9, 2025 at 10:17 pm, I resumed revisions to the updated draft, and I completed the revisions at 11:04 pm.

22.    On April 9, 2025 at 11:07 pm, I confirmed with Mr. Chase that I had made the requested changes.

23.    I did not make any other revisions after 11:07 pm on April 9, 2025.

24.    It is the firm's policy to review and verify all citations in drafts before submitting them to Mr. Chase for approval or filing. In compliance with the firm's policy, I confirmed the accuracy of all citations by reading the cases and confirming the Bluebook citations for the authority. This review process was completed up through the final version of the brief that I submitted to Mr. Chase at 11:07 pm on April 9, 2025.

25.    On May 8, 2025, Mr. Chase circulated a firmwide memorandum outlining an enhanced internal protocol for using AI tools in drafting legal filings. The protocol requires identifying any legal authority included through AI and confirming whether it has been verified as accurate. The protocol also requires that any unverified citations must be excluded or clearly marked with red flags, highlights, or conspicuous notations.

3

26.     I understand the importance of ensuring that every submission to the Court reflects verified and accurate legal authority.

27.     In my time working with Mr. Chase, we have spent countless hours discussing, collaborating, and analyzing case law and have used AI as a professional tool to support our legal judgment.

28.     This incident has underscored for me the need for even greater diligence, and I remain fully committed to upholding the highest standards of accuracy in my work.

I declare under penalty of perjury that the foregoing is true and correct.

_____

JESUS M. CARO

Subscribed and sworn to me this

**14th** day of _____**May**_____, 2025



_____

Name of Notary:    ANITHA Penikalapati

NOTARY PUBLIC

My commission expires **Feb 28th**_____, 20**28**

ANITHA Penikalapati
Notary Public State of Florida
Commission #HH 498016
Commission Expires on
Feb 28, 2028

Online notarization performed via audio/video communication