UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x     Case No. 1:24-cv-3631-JPC
BKNS MANAGEMENT LLC,

                                             Plaintiff,

        - against -

FRYSTA MANAGEMENT LLC,

                                             Defendant.
-----------------------------------------------------------------x

## PLAINTIFF'S SUPPLEMENTAL SUBMISSION

Pursuant to the Court's direction at oral argument on May 7, 2025, plaintiff BKNS

Management LLC respectfully submits this supplemental memorandum to respond to

defendant's argument that section 4 of the Promissory Note provides for the payment of an entire

year's interest (i.e., $500,000) if defendant does not secure an $8 million loan within 90 days of

the entering into of the Note.

Defendant distorts the plain meaning of section 4. The reference to "25% interest" is the

annual 25% interest rate computed on a daily basis, not as a one-time payment. This is made

clear from the reference to "25% interest" appearing four lines above that reference in the same

section: "both Parties understand and mutually agree that Lender is loaning Borrower $2,000,000

at 25% interest to enable borrower to secure eight million dollars ($8,000,000) from a separate

lender, under a separate loan agreement." That of course means 25% interest per annum as stated

expressly in section 1.(b) of the Note, which provides expressly that it is calculated daily based

on a 365-day year:

> (b)     PAYMENT OF INTEREST. The unpaid principal
> amount of this Note shall accrue interest (computed on the basis of
> a 365-day year) as of the date of this Note of twenty-five percent
> (25%).

The parties never suggested that the section 4 interest payment means an entire year's

interest. Plaintiff's default notice never alluded to such a draconian and implausible interpretation of section 4. Neither did defendant, which made payments on interest owed based on the daily interest accrued. This course of conduct refutes the after-the-fact tenuous interpretation placed on section 4 by defendant so as to create a usury scenario. *See Kalmon Dolgin Co. v. Walnut Lanes, Inc.*, 27 A.D.2d 843, 278 N.Y.S.2d 158, 159 (2d Dep't 1967) (the "practical construction given to the lease *subsequent to* execution," explains "imperfectly expressed obligations" (emphasis added).

In its April 9, 2025 Supplemental Memorandum, at page 2 (ECF # 12), defendant never made the argument it raised for the first time at oral argument that the 25% interest means paying the entirety of a year's interest in just 90 days. In that submission, defendant was addressing only the application of the $125,000 late fee.

As for the $125,000, as we argued to the Court, this is not a "contingency" inserted in the Note over which the lender had control, such as the lender's conversion option in *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 179 N.E.3d 612 (2021). Plaintiff lender had no control whatsoever on that contingency; defendant borrower, on the other hand, had total control over that event. As stated by the Court of Appeals in *Summer v. People,* 29 N.Y. 337 (1864):

> If the payment is conditional, and that condition is within the power of the debtor to perform, so that the creditor may by the debtor's act be deprived of any extra payment, it would not be usurious.

That is the rationale underlying the established principle that the usury laws do not apply post-maturity or post-default. *See, e.g., CDS Business Services, Inc. v. H.M.C., Inc.,* No. 19-CV-5759 (SJF) (SIL), 2021 WL 4813185, at *7 (E.D.N.Y., May 18, 2021).

2

Dated: New York, New York
      May 14, 2025

Respectfully submitted,

STAHL & ZELMANOVITZ
*Attorneys for Plaintiff*

By:   /s/ Joseph Zelmanovitz
       Joseph Zelmanovitz
747 Third Avenue, Suite 33B
New York, New York 10017
(212) 826-6422
jzelmanovitz@szlawllp.com

3